THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR ALMODÓVAR, Defendant and Appellant.

No. 9598. Argued January 21, 1943.—Decided March 31, 1943.

Francisco González, Jr., for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Attorney of Humacao filed an information against Víctor Almodóvar for the subsequent offense of burglary in the first degree. During the presentation of the prosecution's evidence, the defendant through his counsel admitted that he had been previously found guilty by the Municipal Court of Humacao of the crime of petit larceny and was sentenced to 6 months in jail, which sentence he had served. After the evidence for the defense had been presented, the case was submitted to the jury, and the jury found the defendant guilty of the crime of burglary in the first degree, without including in its verdict the classification of subsequent offense.

When the trial against the defendant was held, Mr. Luis Janer was Acting Judge of the District Court of Humacao, but on the day on which the defendant was sentenced to 15 years in the penitentiary, Mr. Rafael Arjona Siaca, judge of said court, had returned to that position and was the judge who passed judgment upon him. Against this judgment the defendant has taken the present appeal, charging the court below with the commission of four errors.

He assigns as the first three errors that he was found guilty of a different crime from the one charged in the information, because the jury found him guilty of burglary in

the first degree, while the information charged him with the subsequent commission of said crime; that the jury was not instructed concerning the subsequent offense; and that the sentence passed upon him by Judge Arjona Siaca, is void since the Acting Judge, Janer, and not he presided at the trial.

The defendant having admitted during the trial that he had been previously convicted of the crime of petit larceny for which he served 6 months in jail, it was not necessary for the judge to instruct the jury about the nature of subsequent offenses. The verdict of the jury was limited to decision of the question of whether the accused had or had not committted the only crime concerning which evidence was introduced, to wit, the crime of burglary in the first degree.

Section 285 of the Code of Criminal Procedure requires the jury, when it finds the defendant guilty of the crime charged, to state also whether he had been or had not been previously found guilty in accordance with the indictment, *"unless the answer of the defendant admits the charge."* (Italics ours.)

In the instant case the defendant confessed that he had been previously convicted and that he had served the penalty imposed on him and therefore, in accordance with the above-cited provision, the jury was not required to determine in its verdict if the defendant had or had not been previously convicted.

(3) With regard to appellant's contention that he was found guilty of a different crime from the one charged by the information, the same question was raised in the case of *People* v. *Comroig,* 60 P.R.R. 163 and deciding it, we said: "There is not involved an offense different in its essential elements from the one presently charged, but an offense committed after the defendant has been convicted from another crime a circumstance which is alleged, proved and taken into

account only for the purpose of the imposition of the penalty fixed by law."

(4) Finally, appellant argues that the judgment is void because Judge Arjona was not empowered to act since he had not participated in the trial. The same question was raised in *People* v. *Lebrón* alias Tito, decided March 29, 1940, 61 P.R.R. 634, in which this court, after making reference to the cases cited in the monograph found in 114 A.L.R. 435, decided that "although this is a practice that should not be encouraged, nevertheless, when as in the instant case extraordinary circumstances concur which forbid that the judge who presided over the trial pass sentence, if the fact that it is another judge who passes sentence does not cause prejudice to the defendant, the judgment is valid."

In the instant case even though the circumstance of Judge Janer having ceased as acting judge when Judge Arjona Siaca resumed his position cannot be termed as extraordinary, since the former could have obtained a commission to act in those cases tried before him and still pending, no prejudice was occasioned to the defendant by the judgment entered by Judge Arjona.

Section 57 of the Penal Code provides that:

"Every person who, having been convicted of petit larceny . . . commits any crime after such conviction, is punishable as follows:
"1.     *     *     *     *     *     *     *
"2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for *the longest term prescribed,* upon a conviction for such first-offense.
"3.     *     *     *     *     *     *     * "
(Italics ours.)

And in accordance with §410 of the Penal Code the crime of burglary in the first degree is punishable with imprisonment from one to 15 years. Therefore, if in accordance with §57, *supra,* the defendant should be punished in the case of

a subsequent offense with the maximum penalty, the penalty of 15 years imposed in this case was mandatory, on both whether imposed by the regular Judge Mr. Arjona, or the Acting Judge, Mr. Janer.

(5) In his last assignment of error the appellant contends that the verdict of the jury is contrary to the evidence. We have examined the transcript of the evidence and we are convinced that this error lacks merit.

As part of the evidence of the prosecution, Teodora Laíz was called as a witness, and she identified the defendant as the man who broke into Bernardo Tirado's house and testified that he passed under the hammock where she slept and when she woke up she saw him go into and come out of the room of the owner of the house; that the defendant had a pair of trousers under his arms, in which trousers Tirado had $100; that she could identify the defendant because he was the same person who used to sell goat's meat at the house and who was called "Carne Vieja," for a bad name; that she screamed after the defendant left and that then she went to the bed of Tirado's wife to whom she told what she had seen, but Tirado's wife told her to go back to sleep because she had had a nightmare, but that next day the fact was corroborated, that the trousers and the $100 were missing, the trousers being found later on a wire close to the house. The only evidence for the defense was defendant's own testimony, who limited himself to denying that he had entered Tirado's house the night of the events. The jury decided the conflict in the evidence believing the testimony of Teodora Laíz and in so doing it is our opinion that it did not commit any error. The judgment appealed from is affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.